FRED ROSENBERG, Plaintiff, *v.* PARLAY HATS, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Eighth District, August 12, 1932.

*Solomon C. Stember,* for the plaintiff.

*Theodore Charnas,* for the defendant.

WATSON, J. This motion is for summary judgment. The action is brought under subdivision 3 of section 684 of the Civil Practice Act to recover from defendant, the employer of plaintiff's judgment debtor, the balance of the amount of the judgment on the ground that the defendant failed or refused to honor the execution against the wages or earnings of the judgment debtor.

The defense, in substance, is that defendant is not indebted to the judgment debtor for the reason that from the date of the judgment debtor's employment on September 20, 1931, to March, 1932, the defendant advanced various sums of money to him against commissions due and to become due to him and that such advances have exceeded his earned commissions by $2,937.63, for which amount he is still indebted to defendant. It is further explained that the advances to that extent were made in view of bad business conditions and of the judgment debtor's promise as a salesman in respect to future business possibilities to the defendant.

An examination of the defendant before trial revealed the fact that between September 30, 1931, and the commencement of this action on March 12, 1932, the judgment debtor's commissions totalled $5,005.

The percentage of his earnings, if deducted pursuant to the provisions of the order directing garnishee, would be more than sufficient to pay the balance due on plaintiff's judgment. Defendant seeks escape from the duty imposed by such order upon the ground that the payments were a loan and exceeded his earnings.

I am constrained to the view that advances as loans to judgment debtor employees against earnings due and to become due may not be made by their employers in disregard of executions against earnings and thereby defeat the purpose of the remedy granted to judgment creditors by the provisions of section 684 of the Civil Practice Act. It was the duty of defendant to comply with the order and to preserve for the plaintiff the percentage of the earnings of its employee sufficient to pay the amount of the unpaid balance of plaintiff's judgment.

In *Royco Realty Corporation* v. *Farber* (131 Misc. 46) it was held that rule 113 of the Rules of Civil Practice is not applicable to a claim arising under an action instituted in accordance with section 684, subdivision 3, of the Civil Practice Act. This decision by the Appellate Term was based, I believe, upon the theory that the action was not one founded upon a contract, express or implied, or upon a judgment for a stated sum. The rule has, however, since been amended to include actions " on a statute where the sum sought to be recovered is a sum of money other than a penalty."

Plaintiff's cause of action, resting upon the provisions of a statute, is now within the rule.

There is another reason for granting this motion. A supporting affidavit by the employee that he is actually indebted to the defendant in the sum of more than $2,000 would be cogent of defendant's contention as it would be an admission of debt in a sum considerably larger than that due to plaintiff. The absence of such an affidavit makes the general statements of the defendant weak and ineffectual. This weakness is emphasized when the following testimony of the defendant's secretary-treasurer, in the examination before trial, is considered: " Q. What arrangement was made at the outset of this employment by and between him [the employee] and Paylay Hats, Inc. A. We hired him as a salesman on a commission basis only. The rate of commission was 5% against 10% accounts, and 7% on 8% accounts. Q. What territory was he to cover? A. All over. He is paid on the entire output of the company, on sales, orders, re-orders, regardless of where or to whom made. Q. Who was to pay his expenses? A. He was to pay his own expenses. Q. Was that arrangement ever changed? A. No, not yet. Q. Is it still in force, that arrangement? A. Yes."

This testimony indicates that there was no agreement for repayment. As the judgment debtor is still in defendant's employ, it would have been a simple matter to have obtained such affidavit if there actually were an agreement between the employee and the defendant for the repayment of any alleged advances over and above his earnings.

I conclude, therefore, that there is no triable issue raised and that plaintiff is entitled to an order directing the entry of judgment in favor of the plaintiff for the relief demanded in the complaint, together with ten dollars costs of this motion.

Order signed and filed.